**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**A & J HOSPITALITY CORPORATION, *et al.*,**<br><br>**Debtors.** [1] | **Case No. 26-00462 (ELG)**<br><br>**Chapter 11**<br>**(Joint Administration Requested)** |

**MOTION OF DEBTORS A & J HOSPITALITY CORPORATION AND ARLS LLC FOR ENTRY OF ORDER AUTHORIZING (I) PAYMENT OF WAGES, COMPENSATION AND EMPLOYEE BENEFITS, (II) MAINTENANCE OF CERTAIN EMPLOYEE BENEFIT PROGRAMS, AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**" and each a "**Debtor**") in the above-captioned bankruptcy cases for which joint administration has been requested (collectively, the "**Bankruptcy Case**" and each a "**Bankruptcy Case**"), by the undersigned proposed counsel, respectfully move (the "**Motion**") this Court for entry of an order, the proposed form of which is attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"), authorizing, but not requiring, the Debtors to (i) pay, in their sole discretion, Base Pay Obligations, Withholding Taxes, Employer Payroll Taxes, Employee Benefits, Expense Reimbursements, and other administrative payments related thereto (each as

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are A & J Hospitality Corporation (1956) and ARLS LLC (5660). The mailing address for the Debtors is 990 Maine Avenue, SW, Washington, D.C. 20024.

Brent C. Strickland (Bar No. 452880)
WHITEFORD, TAYLOR & PRESTON L.L.P.
8830 Stanford Blvd., Suite 400
Columbia, MD 21045
Phone: (410) 347-9402
Email: bstrickland@whitefordlaw.com

Joshua D. Stiff (admission *pro hac vice* requested)
WHITEFORD, TAYLOR & PRESTON L.L.P.
249 Central Park Avenue, Suite 300
Virginia Beach, VA 23462
Telephone: (757) 271-9751
Email: jstiff@whitefordlaw.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

defined below, and collectively, the "**Employee Obligations**"), as well as any costs attendant to the foregoing; (ii) maintain and continue to honor and pay its employee practices, programs, and policies, as well as any costs attendant to the foregoing; (iii) authorizing and directing banks and other financial institutions (collectively, the "**Banks**") to honor and process checks and electronic transfer requests related to the foregoing; and (iv) granting related relief. In support of the Motion, the Debtors rely on the *Declaration of Robert Wood in Support of Chapter 11 Voluntary Petition and First Day Relief* (the "**First Day Declaration**")[2] filed concurrently herewith. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. On September 4, 2026 (the "**Petition Date**"), the Debtors commenced the Bankruptcy Cases by filing their respective voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors continue to manage their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. As of the filing of this Motion, the subchapter V trustee (the "**Trustee**") has not yet been appointed in the Bankruptcy Cases.

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. To the extent that it may be determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the First Day Declaration.

**BACKGROUND**

5. Debtor A & J Hospitality Corporation ("**AJH**") is an event catering company serving the Washington, D.C. metropolitan community, which services include corporate and private events as well as weddings, large event and third-party vendor management, performance nutrition and professional sports catering. Debtor ARLS LLC ("**ARLS**") is an exclusive vendor providing catering, food preparation and retail services to The Anthem music venue located in the District Wharf in the District of Columbia. Specifically, ARLS provides artist and private event catering in addition to preparing and selling The Anthem's concessions. ARLS also operates "Frites and Greet" in conjunction with the Anthem, a french fry stand on the District Wharf located directly outside of The Anthem.

6. A full description of the Debtors' business operations and the rationale for filing these Bankruptcy Cases is set forth in the First Day Declaration.

**I. *The Debtors' Employee Obligations.***

*A. Base Pay Obligations.*

7. In the ordinary course of business, the Debtors incur base pay obligations (salaries and wages) and employee benefits obligations to their employees for the performance of services (the "**Base Pay Obligations**"). As of the Petition Date, the Debtors employ approximately thirty-three (33) employees, consisting of three (3) salaried staff (excluding Chef Wood) and thirty (30) hourly employees (collectively, the "**Employees**", and each an "**Employee**"). The number of hourly employees of the Debtors fluctuates based on the demands of the businesses. As of the Petition Date, and to aid the Debtors' restructuring efforts, Chef Wood has ceased drawing a salary from the Debtors. None of the Employees are members of a union.

8. The Debtors pay their Employees bi-weekly in arrears and process and fund

payroll through their payroll provider Gusto. Generally speaking, the Debtors fund their payroll on the Wednesday prior to its Friday payday, which payroll is then paid out for work performed the two-week period commencing approximately eighteen (18) days prior to the payday. For example, the Debtors' last payroll prior to the Petition Date was paid on August 28, 2026, and covered the period of August 10th through August 23rd. Gusto automatically debited funds from the Debtors on Wednesday, August 26th to fund payroll and then issued paychecks and direct deposits on Friday, August 28th. The Debtors' combined payroll averages approximately $39,376.01 per pay cycle.

9. The Debtors' next payroll cycle, which will occur postpetition, will be funded on September 9th and paid on September 11th (covering the period of August 24th through September 6th) (the "**Post-Petition Payroll**"). With respect to the Post-Petition Payroll, the Debtors estimate that the Base Pay Obligations will total approximately $40,000.

*B. Payroll Taxes.*

10. The Debtors are required by law to withhold from Employees' wages amounts due for federal, state, and local income taxes, as well as social security and Medicare taxes (collectively, the "**Withholding Taxes**"). The Debtors withhold such amounts from the Employees' wages and then remit the same (all through Gusto) to the appropriate taxing authorities (collectively, the "**Taxing Authorities**"). The Debtors are current on all pre-petition obligations to remit Withholdings Taxes.

11. The Debtors are also required to make payments on account of social security and Medicare taxes, and to pay, based on a percentage of gross payroll (and subject to state-imposed limits), additional amounts to the Taxing Authorities for, among other things, state and federal unemployment insurance (collectively, the "**Employer Payroll Taxes**"). As described above, the

Withholding Taxes and Employer Payroll Taxes are remitted to the appropriate Taxing Authorities on behalf of the Debtors and their Employees through Gusto. The Debtors' combined Withholding Taxes and Employer Payroll Taxes average approximately $10,756.33 per pay cycle.

12. With respect to the Post-Petition Payroll, the Debtors estimate that the Withholding Taxes will total approximately $7,500 and the Employer Payroll Taxes will total approximately $3,400.

*C. <u>Expense Reimbursements.</u>*

13. The Debtors' Employees incur various expenses in the discharge of their ordinary duties, such as travel and meal expenses. Since Employees incur these expenses as part of their official duties and in furtherance of the Debtors' businesses, the Employees are reimbursed in full (the "**<u>Expense Reimbursements</u>**") after submission of appropriate documentation. The Debtors estimate that, as of the Petition Date, there are Expense Reimbursements currently outstanding in the approximate amount of $900.00; however, Employees may have incurred expenses before the Petition Date for which Employees have not yet submitted reimbursement requests, and which may increase this amount.

**II. *<u>The Debtors' Employee Benefits</u>*.**

14. In the ordinary course of business, the Debtors offer their Employees benefits including: (a) health insurance through CareFirst; and (b) dental and vision insurance also through CareFirst (collectively, the "**<u>Employee Benefits</u>**"). The Debtors further offer a 401k Plan; however, the Debtors do not provide a match.

15. The portion of the Employee Benefits covered by the Debtors costs $225 for health insurance and $25 for dental and vision insurance per employee per month, although the

Debtors fund these premiums on a bi-weekly basis. The Employees pay the balance of the Employee Benefits (which are also paid on a bi-weekly basis). The Debtors' responsibility for Employee Benefits costs approximately $1,125.00 per pay cycle.

16. With respect to the Post-Petition Payroll, the Debtors estimate that the Employee Benefits will total approximately $1,125.00.

**III. *Additional Employee Deductions*.**

17. The Debtors deduct other involuntary amounts from Employee pay. For example, if the Debtors are served with a garnishment or judgment for an Employee, they deduct the applicable amounts and remit them to the appropriate government authority or individual. As of the Petition Date, the Debtors are current with respect to their remittances of amounts withheld from Employees. The Debtors seek permission to continue their practices of remitting withheld amounts to the appropriate parties.

## RELIEF REQUESTED

18. By this Motion, the Debtors request, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, entry of an of Order authorizing, but not requiring, the Debtors: (a) to pay (inclusive of any prepetition amounts): (i) Base Pay Obligations in the amount of approximately $40,000; (ii) Withholding Taxes in the approximate amount of $7,500; (iii) Employer Payroll Taxes in the amount of approximately $3,400; (iv) Expense Reimbursements in the amount of approximately $900.00; and (v) Employee Benefits in the amount of approximately $1,125.00; and (b) to maintain and continue the Employee Obligations and Employee Benefits on a postpetition basis, inclusive of paying the costs associated therewith.

19. Additionally, the Debtors request that the Court authorize and direct the Banks to receive, process, honor, and pay all prepetition and post-petition checks issued or to be issued,

and electronic fund transfers requested or to be requested, by the Debtors in connection with the Employee Obligations and Employee Benefits.

## BASIS FOR RELIEF

### I. *Cause Exists to Authorize Payment to Debtors' Employees.*

#### *A. Debtors' Employee Obligations and Employee Benefits Constitute Priority Claims.*

20. The Debtors' Employee Obligations and Employee Benefits relating to the period before the Petition Date constitute priority claims under the Bankruptcy Code. Pursuant to section 507(a)(4)(A) of the Bankruptcy Code, claims against the Debtors for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date are afforded priority unsecured status to the extent of $17,150.00 per individual. 11 U.S.C. § 507(a)(4)(A). Similarly, section 507(a)(5) of the Bankruptcy Code provides that Employees' claims for contributions to certain employee benefit plans are also afforded priority unsecured status to the extent of $17,150.00 per Employee covered by such plan, less any amount paid pursuant to section 507(a)(4) of the Bankruptcy Code. *See* 11 U.S.C. § 507(a)(5).

21. The Debtors' Employee Obligations and Employee Benefits described above clearly constitute priority claims under sections 507(a)(4) and (5) of the Bankruptcy Code. As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied. Accordingly, the relief requested may affect only the timing of the payment of these priority obligations and will not prejudice the rights of general unsecured creditors. Furthermore, these payments to employees are essential to retaining their services during the Bankruptcy Case. Each of the Employees for which the Debtors seek authority to pay provide valuable services that the Debtors would be unable to replace in the immediate future.

As such, retention of these individuals is important to both the Debtors' near-term operations and to preserving the going concern and enterprise value of the Debtors' businesses.

*B. Satisfaction of Debtors' Prepetition Employee Obligations and Employee Benefits are Appropriate under Necessity of Payment Doctrine.*

22. In addition to the foregoing, the Debtors submit that satisfaction and payment of the Employee Obligations and Employee Benefits is necessary and appropriate and may be authorized under sections 105(a) and 363(b) of the Bankruptcy Code pursuant to the "necessity of payment" doctrine.

23. The "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) (authorizing the payment of prepetition employee wages and benefits); *see also Mich. Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.),* 80 B.R. 279, 285-86 (S.D.N.Y. 1987), *appeal dismissed* 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits). This doctrine is consistent with the principal goal of chapter 11 of "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs,* 98 B.R. at 176.

24. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs,* 98 B.R. at 175. "Under 11 U.S.C. § 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of

the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *Ionosphere Clubs*, 98 B.R. at 177).

25. Furthermore, section 363(b)(1) of the Bankruptcy Code provides, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §§ 363(b)(1), 1107.

26. Any delay or failure to pay wages, salaries, benefits, and other similar items will irreparably impair the Employees' morale, dedication, confidence, cooperation and performance. It will further adversely impact the Debtors' relationships with its Employees at a time when the Employees' support is critical to the success of the Bankruptcy Cases. At this early stage, the Debtors simply cannot risk the substantial damage to their businesses that would inevitably follow any decline in employee morale or performance.

27. Absent an order granting the relief requested herein, the Employees will suffer undue hardship and, in many instances, serious financial difficulties, as the amounts in question are needed to enable certain of the Employees to meet their own personal financial obligations. Without the requested relief, the stability of the Debtors will be undermined, perhaps irreparably, by the distinct possibility that otherwise loyal Employees will seek other employment alternatives. In addition, it would be inequitable to require the Debtors' Employees to bear personally the cost of any business expenses they incurred prepetition for the benefit of the Debtors, with the understanding that they would be reimbursed.

28. The Debtors do not seek to alter any of its Employee Benefits at this time. This Motion only seeks permission for the Debtor, in its discretion, to: (a) make payments consistent with the Debtors' existing policies to the extent that, without the benefit of an order approving this Motion, such payments may be inconsistent with the relevant provisions of the Bankruptcy

Code, and (b) to continue to honor their practices, programs, and policies with respect to their Employees, as such practices, programs, and policies were in effect as of the Petition Date.

29. Payment of all Employee Obligations in accordance with the Debtors' prepetition business practices is in the best interests of the Debtors' estate, their creditors, and all parties in interest, and will enable the Debtors to continue to operate their businesses in an economic and efficient manner without disruption. As explained more fully above, the Debtors' Employees are central to their operations and are vital to the Bankruptcy Case. A significant deterioration in Employee morale or performance at this critical time would have a devastating impact on the Debtors, their vendors, the value of the Debtors' assets and businesses, and the Debtors' ability to continue operations. Moreover, the total amount sought to be paid herein is relatively modest compared with the size of the Debtors' overall business and the importance of the Employees to the Bankruptcy Cases.

30. The Debtors do not seek authority to pay any amount of Employee Obligations in excess of applicable statutory caps under the Bankruptcy Code.

31. Accordingly, by this Motion, the Debtors seek authority pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to pay Employee Obligations as they become due and owing during the pendency of the Bankruptcy Cases and to continue, uninterrupted, their practices, programs, policies, and payments with respect to its Employee Benefits, as such practices, programs, and policies were in effect as of the Petition Date.

### *C. Applicable Banks Should be Authorized to Honor and Pay Checks Issued and Make Other Transfers to Pay Employee Obligations.*

32. Under the Debtors' existing cash management system, the Debtors can readily identify checks as related to an authorized payment of an Employee Obligations and Employee Benefits. The Debtors, therefore, further request that this Court authorize and direct applicable

Banks to receive, process, honor, and pay all prepetition and post-petition checks issued or to be issued, and electronic fund transfers requested or to be requested, by the Debtors in connection with the Employee Obligations and Employee Benefits. The Debtors also seek authority to issue new post-petition checks, or effect new electronic fund transfers, on account of the Employee Obligations and Employee Benefits to replace any prepetition checks or electronic fund transfer requests that may have already been dishonored or rejected.

33. To be clear, with respect to the relief sought herein, any authorization to pay amounts on account of Employee Obligations and Employee Benefits shall not be deemed to constitute post-petition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code. The Debtors are in the process of reviewing these matters and reserve all of its rights under the Bankruptcy Code with respect thereto. Moreover, any authorization to pay amounts on account of Employee Obligations and Employee Benefits shall not affect the Debtors' right to contest the amount or validity of any such claims.

## IMMEDIATE RELIEF IS NECESSARY

34. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted on an emergency basis if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. As set forth throughout this Motion, any disruption of the Employee Obligations would substantially diminish or impair the Debtors' efforts in the Bankruptcy Cases to preserve and maximize the value of their estates.

35. For this reason and those set forth above, and as further set forth in the First Day Declaration, the Debtors respectfully submit that they satisfy the requirements of Bankruptcy Rule 6003(b), and the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

## WAIVER OF ANY APPLICABLE STAY

36. The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which states that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). As described above, the relief sought in the Motion is necessary for the Debtors to operate their businesses without interruption and to preserve value for their estates, creditors and parties in interest. Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NO PRIOR REQUEST

37. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the relief set forth above, and granting such other and further relief as the Court deems appropriate.

Dated: September 4, 2026

Respectfully submitted,

**A & J HOSPITALITY CORPORATION, *et al.***

*/s/ Brent C. Strickland*

Brent C. Strickland (Bar No. 452880)
WHITEFORD, TAYLOR & PRESTON LLP
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

Joshua D. Stiff (admission *pro hac vice* pending)
WHITEFORD, TAYLOR & PRESTON LLP
249 Central Park Avenue, Suite 300
Virginia Beach, VA 23462
Phone: (757) 271-9751
Facsimile: (757) 271-9736
Email: jstiff@whitefordlaw.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, I filed a copy of the foregoing *Motion* via CM/ECF, which caused the same to be served upon all parties receiving notice thereby.

*/s/ Brent C. Strickland*
Brent C. Strickland

4935-4504-9031, v. 3

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**A & J HOSPITALITY CORPORATION, *et al.*,**<br><br>**Debtors.**[1] | **Case No. 26-00462 (ELG)**<br><br>**Chapter 11**<br>**(Joint Administration Requested)** |

**INTERIM ORDER AUTHORIZING (I) PAYMENT OF WAGES, COMPENSATION AND EMPLOYEE BENEFITS, (II) MAINTENANCE OF CERTAIN EMPLOYEE BENEFIT PROGRAMS, AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

This matter came before the Court upon the *Emergency Motion of Debtors A & J Hospitality Corporation and ALRS LLC for Entry of Order Authorizing (I) Payment of Wages, Compensation and Employee Benefits, (II) Maintenance of Certain Employee Benefit Programs, and (III) Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* [Dkt. No. ___] (the "**Motion**"),[2] filed by A & J Hospitality Corporation ("**AJH**") and ALRS LLC ("**ARLS**"), the debtors and debtors-in-possession (collectively, the "**Debtors**" and each a "**Debtor**") in the above captioned, jointly administered bankruptcy cases (collectively, the "**Bankruptcy Cases**" and each a "**Bankruptcy Case**"), seeking, among other relief, entry of

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are A & J Hospitality Corporation (1956) and ARLS LLC (5660). The mailing address for the Debtors is 990 Maine Avenue, SW, Washington, D.C. 20024.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"), authorizing, but not requiring, the Debtors to (i) pay, in their sole discretion, Base Pay Obligations, Withholding Taxes, Employer Payroll Taxes, Expense Reimbursements, Employee Benefits, and administrative payments related thereto (each as defined in the Motion, and collectively, the "**Employee Obligations**"), as well as costs of the foregoing; (ii) maintain and continue to honor and pay their employee practices, programs, and policies as well as costs of the foregoing; (iii) authorizing banks and other financial institutions (collectively, the "**Banks**") to honor and process checks and electronic transfer requests related to the foregoing; and (iv) granting related relief; and the Court having conducted a hearing on September ___, 2026, to consider the relief requested in the Motion (the "**Interim Hearing**"); and it appearing that granting the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors, and is otherwise fair and reasonable and in the best interest of the Debtors, their estates and creditors, and essential for the preservation of the value of the Debtors' assets; and all objections, if any, to the entry of this interim Order having been withdrawn, resolved or overruled by the Court; and upon the entire record of this case, including any evidence presented or statements of counsel at the Interim Hearing; and adequate notice of the Motion and the Interim Hearing having been given and no other or further notice need be given under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefor;

It is accordingly hereby **ADJUDGED**, **ORDERED** and **DECREED** that:

1. The Motion is hereby **GRANTED**, as stated herein, on an interim basis pending a final hearing thereon, which final hearing is hereby scheduled for ____________________,

2026, at ________________ (the "**Final Hearing**"), with any objections to be filed and served so as to be received on or before _____________________, 2026. If no objections are filed and served in accordance with this Interim Order, no Final Hearing will be held and the Motion approved by this Interim Order shall become final, and no further order approving the Motion on a final basis shall be required.

2. Pursuant to sections 507(a), 363(b) and 105(a) of the Bankruptcy Code, the Debtors are authorized, but not directed: (a) to pay (inclusive of any prepetition amounts): (i) Base Pay Obligations in the amount of approximately $40,000; (ii) Withholding Taxes in the approximate amount of $7,500; (iii) Employer Payroll Taxes in the amount of approximately $3,400; (iv) Expense Reimbursements in the amount of approximately $900.00; and (v) Employee Benefits in the amount of approximately $1,125.00; and (b) to maintain and continue to honor and pay their employee practices, programs, and policies as well as costs of the foregoing.

3. No payments to any Employee on account of Employee Obligations and Employee Benefits shall exceed the $17,150.00 cap per Employee provided under section 507 of the Bankruptcy Code.

4. All payments to any Employee on account of pre-petition Employee Obligations and Employee Benefits shall be applied toward the $17,150.00 cap per Employee provided under section 507 of the Bankruptcy Code.

5. The Debtors and any other third parties administering withholding obligations on behalf of the Debtors, are authorized, but not directed, to make payments to applicable third parties with respect to the Withholding Taxes and the Employer Payroll Taxes, as set forth in the Motion, and the costs associated therewith, in accordance with the Debtors' ordinary course of

business and stated policies, as set forth in the Motion.

6. In accordance with this Interim Order and any other order of this Court, the bank and financial institution at which the Debtors maintain their accounts are authorized to honor all checks and fund transfer requests made by the Debtors related hereto, to the extent that sufficient funds are on deposit in such accounts.

7. The Debtors are authorized to pay all processing and administrative fees associated with the Employee Obligations and other amounts as set forth in the Motion.

8. Nothing in the Motion or this Interim Order shall be construed as impairing the Debtors' rights to contest the validity or amount of any Employee Obligations.

9. Nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this Interim Order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or create an administrative obligation for any pre-petition wages or benefits.

10. Nothing contained herein is intended nor should be construed to create an administrative priority claim on account of any Employee Obligations.

11. Within two (2) business days following entry of this Interim Order, the Debtors shall serve, by first-class mail, postage prepaid, a copy of this Interim Order on: (a) the Office of the United States Trustee; (b) the Trustee, (c) Internal Revenue Service; (d) the Debtors' mailing matrix; (e) all parties that have filed a financing statement asserting a lien or other interest in any of the Debtor's assets; and (f) any party that has filed a request for notice with the Court.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized the take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**END OF ORDER**

**WE ASK FOR THIS:**

*/s/*______________________________
Brent C. Strickland (Bar No. 452880)
WHITEFORD TAYLOR & PRESTON LLP
8830 Stanford Boulevard, Suite 400
Columbia, Maryland 21045
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

Joshua D. Stiff (admission *pro hac vice* requested)
WHITEFORD TAYLOR & PRESTON LLP
249 Central Park Avenue, Suite 300
Virginia Beach, VA 23462
Telephone: (757) 271-9751
Facsimile: (757) 271-9736
Email: jstiff@whitefordlaw.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

cc: All Parties on Master Service List

U.S. Trustee for Region Four
U.S. Trustee's Office
1725 Duke Street, Suite 650
Alexandria, VA 22314-3489