**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**A & J HOSPITALITY CORPORATION, *et al*.,**<br><br>**Debtors.** [1] | **Case No. 26-00462 (ELG)**<br><br>**Chapter 11**<br>**(Joint Administration Requested)** |

**DEBTORS' MOTION TO REJECT UNEXPIRED LEASE OF REAL PROPERTY WITH DLY 2221 ADAMS UNIT B LLC *NUNC PRO TUNC* TO PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**" and each a "**Debtor**") in the above-captioned bankruptcy cases for which joint administration has been requested (collectively, the "**Bankruptcy Case**" and each a "**Bankruptcy Case**"), by the undersigned proposed counsel, respectfully move (the "**Motion**") this Court for entry of an order, the proposed form of which is attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"), and Rule 6006-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "**Local Rule(s)**"), rejecting the Lease (as defined herein) *nunc pro tunc* to the Petition Date (as defined herein). The Debtors state the following in support of the Motion:

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are A & J Hospitality Corporation (1956) and ARLS LLC (5660). The mailing address for the Debtors is 990 Maine Avenue, SW, Washington, D.C. 20024.

Brent C. Strickland (Bar No. 452880)
WHITEFORD, TAYLOR & PRESTON L.L.P.
8830 Stanford Blvd., Suite 400
Columbia, MD 21045
Phone: (410) 347-9402
Email: bstrickland@whitefordlaw.com

Joshua D. Stiff (admission *pro hac vice* requested)
WHITEFORD, TAYLOR & PRESTON L.L.P.
249 Central Park Avenue, Suite 300
Virginia Beach, VA 23462
Telephone: (757) 271-9751
Email: jstiff@whitefordlaw.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

## JURISDICTION

1. On September 4, 2026 (the "**Petition Date**"), the Debtors commenced the Bankruptcy Cases by filing their respective voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors continue to manage their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. As of the filing of this Motion, the subchapter V trustee (the "**Trustee**") has not yet been appointed in the Bankruptcy Cases.

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. To the extent that it may be determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND & UNEXPIRED LEASE OF REAL PROPERTY

5. Debtor A & J Hospitality Corporation ("**AJH**") is an event catering company serving the Washington, D.C. metropolitan community, which services include corporate and private events as well as weddings, large event and third-party vendor management, performance nutrition and professional sports catering. Debtor ARLS LLC ("**ARLS**") is an exclusive vendor providing catering, food preparation and retail services to The Anthem music venue located in the District Wharf in the District of Columbia. Specifically, ARLS provides artist and private event catering in addition to preparing and selling The Anthem's concessions. ARLS also operates "Frites and Greet" in conjunction with the Anthem, a french fry stand on the District

Wharf located directly outside of The Anthem.

6. A full description of the Debtor's business operations and the rationale for filing these Bankruptcy Cases is set forth in the *Declaration of Robert Wood in Support of Chapter 11 Voluntary Petitions and First Day Relief* (the "**First Day Declaration**").

7. Prior to the Petition Date, AJH, among other parties, entered into a *Lease Agreement*, dated January 29, 2016, as amended by the *First Amendment of Lease Agreement*, dated September 22, 2020, the *Second Amendment of Lease Agreement*, dated March 1, 2022, the *Third Amendment of Lease*, dated April 17, 2026, and the *Fourth Amendment of Lease*, dated in or around July 2026 (collective, "**Lease**"), which is an unexpired lease of real property for the Debtor's use of the premises located at 2221 Adams Place, N.E., Unit B, Washington, D.C. 20418 (the "**Premises**"). The Debtors vacated the Premises prior to the Petition Date and no longer require the use of the Premises for their operations.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of the Proposed Order rejecting the Lease *nunc pro tunc* to the Petition Date, which relief is necessary to reduce the administrative burden that the Lease will impose on the Debtors' bankruptcy estates.

## BASIS FOR RELIEF

9. Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095,

1098 (2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

10. The "business judgment" standard governs the rejection of an executory contract or an unexpired lease of real property. *In re Circuit City Stores, Inc.,* 2010 Bankr. LEXIS 1713 (Bankr. E.D. Va. 2010); *see Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993) ("[A] bankruptcy court reviewing a trustee's or debtor-in-possession's decision to assume or reject an executory contract should examine a contract and the surrounding circumstances and apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it. In reviewing a trustee's or debtor-in-possession's decision to assume an executory contract, then, a bankruptcy court sits as an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee or debtor-in-possession and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate."); *In re Wheeling–Pittsburgh Steel Corp.,* 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (applying the business judgment test to a motion to reject an executory contract).

11. Unlike many other sections of the Bankruptcy Code, section 365(a) of the Bankruptcy Code does not require a showing of "cause" to support a debtor's decision to assume or reject an executory contract. Rather, once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Under this standard, the Court should defer to the business judgment of the debtor, unless "the decision of the [debtor] that

rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985).

12. The business judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor-in-possession's business judgment to reject a lease or an executory contract. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984), *superseded by statute on other grounds*, Bankruptcy Amendments and Federal Judgeship Act of 1984, sec. 541, § 1113, Pub. L. No. 98-353, 98 Stat. 333 (codified at 11 U.S.C. § 1113); *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

13. When principles of equity so dictate, courts may permit *nunc pro tunc* rejection to the date on which the counterparty to the lease was given definitive notice of the debtor's intent to reject. *See In re KDA Grp., Inc.*, No. 16-21821-GLT, 2017 WL 4216563, at *4 (Bankr. W.D. Pa. Sept. 20, 2017) ("[M]any courts within the Third Circuit have adopted the notion that a lease may be retroactively rejected when principles of equity so dictate."); *In re Fleming Cos. Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) ("[T]o grant nunc pro tunc rejection, the Debtors must have stated an unequivocal intent to reject the leases.").

14. The Debtors have determined that the Lease is neither integral to the Debtors' efforts to reorganize their operations in the Bankruptcy Cases nor otherwise beneficial to their

respective bankruptcy estates. Instead, the Lease is a burdensome obligation, which the Debtors wish to shed in their business judgment. In particular, the Debtors submit that rejection of the Lease as of the Petition Date is appropriate in order to avoid incurring additional administrative expenses under the Lease for the Premises, which the Debtors no longer need nor utilize. The Debtors believe that by vacating the Premises prior to filing for chapter 11 bankruptcy, and further by and filing and serving this Motion, the Debtors have given notice of their unequivocal intent to reject the Lease effective as of Petition Date.

15. Based upon the foregoing, the Debtors' decision to reject the Lease is an exercise of their sound business judgment, and the Court should grant the Motion rejecting the Lease.

## RESERVATION OF RIGHTS

16. Nothing contained herein should be construed as a waiver of any of the Debtors' rights, defenses, or counterclaims with respect to the Lease, nor does anything contained herein constitute an acknowledgement that the Lease constitutes an unexpired lease or an executory contract under section 365 of the Bankruptcy Code, and has not otherwise expired by its own terms or upon agreement of the parties.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the relief set forth above, and granting such other and further relief as the Court deems appropriate.

Dated: September 4, 2026

Respectfully submitted,

**A & J HOSPITALITY CORPORATION, *et al.***

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
WHITEFORD, TAYLOR & PRESTON LLP
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

Joshua D. Stiff (admission *pro hac vice* requested)
WHITEFORD, TAYLOR & PRESTON LLP
249 Central Park Avenue, Suite 300
Virginia Beach, VA 23462
Phone: (757) 271-9751
Facsimile: (757) 271-9736
Email: jstiff@whitefordlaw.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, I filed a copy of the foregoing *Motion* via CM/ECF, which caused the same to be served upon all parties receiving notice thereby. I further certify that, on the same date, I caused a copy of the same to be served via email upon the following:

- Peter Marx – saksjandel@aol.com

*/s/ Brent C. Strickland*
Brent C. Strickland

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**A & J HOSPITALITY CORPORATION, *et al.*,**<br><br>**Debtors.**[1] | **Case No. 26-00462 (ELG)**<br><br>**Chapter 11**<br>**(Joint Administration Requested)** |

**ORDER GRANTING DEBTORS' MOTION TO REJECT UNEXPIRED LEASE OF REAL PROPERTY WITH DLY 2221 ADAMS UNIT B LLC *NUNC PRO TUNC* TO PETITION DATE**

This matter came before the Court upon the *Debtors' Motion to Reject Unexpired Lease of Real Property with DLY 2221 Adams Unit B LLC Nun Pro Tunc to Petition Date* [Dkt. No. __] (the "**Motion**"),[2] filed by A & J Hospitality Corporation ("**AJH**") and ALRS LLC ("**ARLS**"), the debtors and debtors-in-possession (collectively, the "**Debtors**" and each a "**Debtor**") in the above captioned, jointly administered bankruptcy cases (collectively, the "**Bankruptcy Cases**" and each a "**Bankruptcy Case**"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"), and Rule 6006-1 of the Local Rules of the

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are A & J Hospitality Corporation (1956) and ARLS LLC (5660). The mailing address for the Debtors is 990 Maine Avenue, SW, Washington, D.C. 20024.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

United States Bankruptcy Court for the District of Columbia (the "**Local Rule(s)**"), which Motion moves to reject the *Lease Agreement*, dated January 29, 2016, as amended by the *First Amendment of Lease Agreement*, dated September 22, 2020, the *Second Amendment of Lease Agreement*, dated March 1, 2022, the *Third Amendment of Lease*, dated April 17, 2026, and the *Fourth Amendment of Lease*, dated in or around July 2026 (collective, "**Lease**"), which Lease is an unexpired lease of real property for the Debtor's use of the premises located at 2221 Adams Place, N.E., Unit B, Washington, D.C. 20418 (the "**Premises**"), by and between Debtor AJH, among other parties, and DLY 2221 Adams Unit B LLC (the "**Lessor**"); and it appearing that granting the relief requested in the Motion is fair and reasonable and in the best interest of the Debtors, their estates and creditors, and essential for the preservation of the value of the Debtors' assets; and all objections, if any, to the entry of this Order having been withdrawn, resolved or overruled by the Court; and upon the entire record of this case, including any evidence presented or statements of counsel at the Hearing; and adequate notice of the Motion having been given and no other or further notice need be given under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefor;

It is accordingly hereby **ADJUDGED**, **ORDERED** and **DECREED** that:

1. The Motion is hereby **GRANTED**.

2. The Lease is hereby rejected *nunc pro tunc* to September 4, 2026.

3. The Debtors do not waive any claims that it may have against the Lessor, whether or not such claims arise under, are related to the rejection of, or are independent of the Lease, all such claims being expressly reserved.

4. Nothing herein shall prejudice any party's right to assert that the Lease is not an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

5. The Lessor's claim arising out of the rejection of the Lease, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in the Bankruptcy Cases, if any, and (b) 30 days after entry of this Order. If no proof of claim is timely filed, the Lessor shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with this chapter 11 case.

6. Nothing herein shall prejudice the rights of the Debtors to argue that the Lease was terminated prior to the Petition Date or the effective date of this Order, or that any claim for damages arising from the rejection of the Lease is limited to the remedies available under any applicable termination provision of the Lease, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

7. Nothing contained in the Motion or this Order is intended, or should be construed, to create an administrative priority claim.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

**END OF ORDER**

**WE ASK FOR THIS:**

*/s/* ______________________________

Brent C. Strickland (Bar No. 452880)
WHITEFORD TAYLOR & PRESTON LLP
8830 Stanford Boulevard, Suite 400
Columbia, Maryland 21045
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

Joshua D. Stiff (admission *pro hac vice* requested)
WHITEFORD TAYLOR & PRESTON LLP
249 Central Park Avenue, Suite 300
Virginia Beach, VA 23462
Telephone: (757) 271-9751
Facsimile: (757) 271-9736
Email: jstiff@whitefordlaw.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

cc: All Parties on Master Service List

U.S. Trustee for Region Four
U.S. Trustee's Office
1725 Duke Street, Suite 650
Alexandria, VA 22314-3489